UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DONNA M. SLICK, | ) | |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No.: 1:12-CV-02562 |
| v. | ) | |
| | ) | Judge Thomas M. Durkin |
| PORTFOLIO RECOVERY | ) | |
| ASSOCIATES, LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## PLAINTIFF'S SUPPLEMENT TO MOTION FOR PARTIAL SUMMARY JUDGMENT

NOW COMES Plaintiff Donna M. Slick by her attorney The Law Office of M. Kris Kasalo, Ltd., for her Supplement to Plaintiff's Motion for Summary Judgment, states as follows:

## INTRODUCTION

Defendant has filed a Supplement to its Motion for Summary Judgment which does not supplement its argument that summary judgment should be granted to Defendant, but rather argues that the Court should reconsider its previous decision that Defendant violated section 1692e of the FDCPA by threatening to report a debt that is too old to be reported on Plaintiff's credit. As Defendant merely reiterates its old argument and provides no new basis for the court to reconsider its previously well-reasoned opinion, this relief should not be granted as the argument has been considered and rejected.

Plaintiff further requests that summary judgment be granted in her favor on her

section 1692g claim, as there is no genuine issue of material fact that Plaintiff timely

disputed the alleged debt in writing, and that Defendant continued to attempt to collect

the alleged debt without first mailing verification to Plaintiff as required by section 1692g

of the FDCPA.

Finally, Plaintiff also seeks summary judgment on her claim that Defendant

engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e,

1692e(2), 1692e(5), 1692e(10), and 1692f by dunning Plaintiff on a time-barred debt

without disclosure of that fact—the fact that the debt is time-barred (DE #27, Amended

Complaint, ¶ 63). Specifically, none of the letters sent to Plaintiff reference 1) the date of

when the debt was incurred,  2) that the debt is time-barred, 3) that Defendant could not

sue to collect the debt or, 4) that making any of the payments listed on the letter could

revive the statute of limitations on the debt and thus subject Plaintiff  to a judgment for

the full amount. None of the letters sent to Plaintiff inform Plaintiff of the legal status of

the debt or the consequences of making the payments demanded in the letters, in

violation  of section 1692e(2)(a) of the FDCPA.

A.      **Judge Gettleman Has Ruled That, as a Matter of Law, Defendant's
        Failure to Disclose That a Debt is Beyond the Statute of Limitations In
        a Collection Letter is a Violation of the FDCPA**

On January 14, 2015, Judge Gettleman ruled that Portfolio Recovery Associates,

LLC ("PRA")—the same defendant as in this case—violated the FDCPA by sending

consumers letters which "do not tell the consumer that the debt is time-barred and

defendant cannot sue plaintiff on a time-barred debt." *Pantoja v. Portfolio Recovery*

*Associates, LLC*, No. 13 C 7667, 2015 WL 848568, at *3 (N.D.Ill.Jan. 14, 2015).

In *Pantoja*, a collection letter included language that states "Because of the age of your debt, we will not sue you for it and we will not report it to the credit reporting agency," but omitted "[t]he law limits how long you can be sued on a debt." *Id*. Judge Gettleman held that:

> **Upon receipt of the letter the only reasonable conclusion that an unsophisticated consumer (or any consumer) could reach is that defendant was seeking to collect on a legally enforceable debt, even if defendant indicated that it chose not to sue. Nor would a consumer, sophisticated or otherwise, likely know that a partial payment would reset the limitations period, making that consumer vulnerable to a suit on the full amount.**

*Pantoja*, at *3 (N.D. Ill. Jan. 14, 2015).

Specifically, Judge Gettleman ruled that PRA's failure to include the language "The law limits how long you can be sued on a debt," was deceptive on its face and violated the FDCPA, if the consumer could not be sued legally to collect the debt. *Id*.

Here, it is undisputed that Defendant sent Plaintiff three letters, each sent in connection with the collection of the alleged debt. The letters were dated August 9, 2011, September 1, 2011, and September 7, 2011, and (SMF ¶¶13, 45, 69). It is also undisputed that, at the time the earliest of the three letters was sent, PRA could not legally sue Plaintiff to collect the alleged debt because the statute of limitations had passed. (SMF ¶6-12, Response to Requested Admissions #46). Specifically, Plaintiff's debt was charged off on December, 2004. (SMF ¶ 79; Answer, DE# 31, ¶ 45). Plaintiff is a Maryland resident, and the letters were sent to Maryland. (SMF ¶¶ 1, 13, 45, 69). The statute of limitations that applies to a credit card debt, sought to be collected in Maryland, is three years. (SMF ¶ 1; Answer, DE# 31, ¶54). Thus, there was no legal possibility for Plaintiff to be sued at the time the letters were sent in 2011, which was a time well after

the statute of limitations to sue Plaintiff on the debt had passed. (SMF ¶6-12, Response to Requested Admissions #46; Ex. I, Deposition of Defendant's Rule 30(b)6 deponent Tara Privette, PRA Collection Notes, Bates 000091, 8/9/2011 entry stating "Account Out of Statute").

Although the statute of limitations had passed, none of the three letters mailed by Defendant to Plaintiff state that the law limits how long you can be sued on a debt. Rather, each letter is completely silent on as to the statute of limitations, none of the letters inform Plaintiff that she can no longer be sued to enforce the debt *or* that making, or agreeing to make a payment, could subject her to a judgment for the full amount of the debt. (SMF ¶¶13, 45, 69).

The facts here are thus even more compelling to support that Defendant violated the FDCPA, §1692e(2), than in *Pantoja*, as *Pantoja's* letter *did* inform the consumer that PRA will not sue the consumer, but was nonetheless found to be deceptive because, in the courts' words:

> ..**it does not tell the consumer that the debt is time-barred and defendant cannot sue plaintiff to collect it, rather, it implies that defendant has chosen not to sue. Nor does it tell plaintiff that the effect of making (or agreeing to make) a partial payment on a time-barred debt is to revive the statute of limitations for enforcing the debt…**

*Pantoja*, at *3 (N.D. Ill. Jan. 14, 2015).

Here, as stated, *none* of the letters mailed to Plaintiff informed her of 1) the date of when the debt was incurred,  2) that the debt is time-barred, 3) that Defendant could not sue to collect the debt or, 4) that making any of the payments listed on the letter could revive the statute of limitations on the debt and thus subject Plaintiff  to a judgment for the full amount. In the absence of such a disclosure, a*ll* of the letters thus violate the FDCPA, 15

U.S.C. §1692e(2) as a matter of law. Plaintiff requests that summary judgment be entered in her favor on this asserted violation.

Finally, Defendant cannot claim that it is shielded from liability under the *bona fide* error defense for any of the letters that were mailed, as it has admitted that it corporate counsel reviewed and approved the form of the letters sent. Thus, any claimed defense is one of counsel's misinterpretation of what the law required, as opposed to being a mistake of fact, to which a *bona fide* error defense may apply. A "bona fide error" is one genuinely made in good faith, *Kort v. Diversified Collection Servs., Inc.*, 394 F.3d 530, 537 (7th Cir. 2005), but it applies only to mistakes of fact, not of law. *Jerman v. Carlisle, McNellie, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1624, 176 L. Ed. 2d 519 (2010) (emphasis added). "A violation resulting from a debt collector's misinterpretation of the legal requirements of the FDCPA cannot be "not intentional" under §1692k(c). J*erman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1606-1607 (U.S. 2010). Further, it is a common maxim that "ignorance of the law will not excuse any person, either civilly or criminally." *Id*. citing *Barlow v. United States*, 32 U.S. 404, 7 Pet. 404, 411, 8 L. Ed. 728. Defendant's failure to mail legally sufficient letters to Plaintiff thus cannot be excused under the requirements of the FDCPA, as *bona fide* error simply does not apply.

> **B.      Defendant's Assertion that *Pantoja* is Inapposite Ignores that Plaintiff Has Alleged That Defendant violated Section 1692e(2) by dunning Plaintiff on a Time-Barred Debt, Without Disclosure That It Is Time Barred**

Plaintiff has asserted that Defendant violated not only section 1692e(5) of the FDCPA for falsely threatening credit reporting when such reporting could not legally

occur, but also that Defendant violated, *inter alia*, 15 U.S.C. §1692e(2) by dunning

Plaintiff on a time-barred debt without disclosure of that fact (DE #27, Amended

Complaint, ¶ 63). Importantly, none of Defendant's letters reference 1) the date of when

the debt was incurred, 2) that the debt is time-barred, 3) that Defendant could not sue to

collect the debt or, 4) that making any of the payments listed on the letter could revive the

statute of limitations on the debt and thus subject Plaintiff to a judgment for the full

amount. None of the letters sent to Plaintiff inform Plaintiff of the legal status of the debt

or the consequences of making the payments demanded in the letters. The fact that there

is no language at all about the statute of limitations or PRA's ability to sue on the debt,

makes the letters far more egregious than the letter in *Pantoja*, further obviating the need

for extrinsic evidence. As *Pantoja* held that PRA's failure to include the language "The

law limits how long you can be sued on a debt." was deceptive on its face and violated

the FDCPA, Defendant's failure **in this case** to include this language in any of the letters

sent is deceptive, as a matter of law, as well.

Although Plaintiff did not originally move for summary judgment on this claim,

Federal Rule of Civil Procedure 56(f)(1) permits the Court to "grant summary judgment

for a nonmovant" provided that there is "notice and a reasonable time to respond." *See*

*Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("district courts are widely

acknowledged to possess the power to enter summary judgments *sua sponte*, so long as

the losing party was on notice that she had to come forward with all of her evidence.").

Here, Defendant is on notice that Plaintiff is seeking summary judgment, and it has

the opportunity to respond. Rule 56 therefore permits the Court to grant summary

judgment to Plaintiff on her claim. *See also Kasalo v. Trident Asset Mgmt., LLC*, 53

F. Supp. 3d 1072 n.5 (N.D. Ill. 2014) ("Although Kasalo did not originally move for summary judgment on this claim, Federal Rule of Civil Procedure 56(f)(1) permits the Court to "grant summary judgment for a nonmovant" provided that there is "notice and a reasonable time to respond." See *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) ("district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence."). Defendants got notice via Kasalo's reply that he was seeking summary judgment, and they had the opportunity to respond in their own reply. Indeed, they took that opportunity. Rule 56 therefore permits the Court to grant summary judgment to Kasalo on this claim, and defendants do not argue otherwise."). Based on the foregoing, Plaintiff requests that summary judgment be granted in her favor on her 15 U.S.C. §1692e(2) claims—that Defendant violated this section by dunning Plaintiff on a time-barred debt without disclosure of that fact (DE #27, Amended Complaint, ¶ 63).

C.  **Contrary to Defendant's Claims, *McMahon* Supports Plaintiff's Claim that Letters Which Offer to Settle a Time Barred Debt Without Disclosing That Fact, Are Misleading and Deceptive, as a Matter of Law**

Defendant next argues *McMahon* does not support the conclusion that the statement, "if you complete this payment plan and our company is reporting our company's tradeline for this account to the major credit reporting agencies, our company will report this account as "settled", violates the FDCPA. Defendant is wrong.

Although *McMahon* dealt with language that falsely implied that the debt is legally enforceable, this is no different, in its deceptive quality, than language which falsely threatens credit reporting, when credit reporting could no longer legally occur.

Judge Durkin ruled that "it is evident from the letters' face that they are plainly deceptive….there was no circumstances here under which PRA could have legally reported Slick's obsolete debt to a credit reporting bureau even though the letters implied the contrary." *Slick v. Portfolio Recovery Associates, LLC*, 2014 WL 4100416 (N.D. Ill.). This is analogous to the facts in *McMahon:* the distinction between a false threat of Suit, and a false threat of credit reporting, is one without a difference.

Further, the *McMahon* Court held that it was "straightforward under the statute" that "a debt collector violates the FDCPA when it misleads an unsophisticated consumer to believe that a time-barred debt is legally enforceable regardless of whether litigation is threatened... " *Id.* at 1020. "Offering to settle a legally unenforceable debt violates the statute." *Id*. at 1020.

The *McMahon* court further stated that "whether a debt is legally enforceable is a central fact about the character and legal status of that debt. A misrepresentation about that fact thus violates the FDCPA. Matters may even be worse if the debt collector adds a threat of litigation, see 15 USC 1692e(5), but such a threat is not a necessary element of a claim. *Id.* The 7th Circuit held that failure to disclose the effect of making a partial payment on a time-barred debt is deceptive. *Id* at 1021.

Here, if Plaintiff is convinced by a letter to make a payment on the time-barred debt, not realizing that the debt is no longer legally enforceable, this has very real consequences: the statute of limitations is revived, and she can once again be sued and held liable for the full amount for the stale debt. *Phillip Ross v. St. Clair Foundry Corporation*, 271 Ill. App. 271, 273 (4th Dist. 1933). Offering a "settlement" of a time-barred debt is the false representation of the "character, amount, or legal status of any

debt." 15 U.S.C §1692e(2)(a). "[A] settlement offer on a time-barred debt implies that the creditor could successfully sue on the debt." *McMahon,* at 1022.

In this case, the September 7, 2011 letter states that Plaintiff has agreed to "make the following payments to settle this account". (DE# 27-1). It further states that missing any of the payments could render the payment plan "null and void", and the letter also states that PRA is "not obligated to renew this offer"---again implying a negative legal consequence for nonpayment at a time that the debt was no longer legally enforceable or reportable to the credit bureaus. *Id.* The last payment date of "9/13/14" confirms that, applying a three-year statute of limitations, the debt is unenforceable. *Id.*

The letter thus sets a deadline by which to pay, threatens negative credit reporting, threatens that nonpayment will render the offer null and void, and states that PRA is not obligated to renew the offer---all when the debt is neither reportable nor enforceable. On the other hand, the letter omits any mention of the legal status of the debt (it is unenforceable or that the statute of limitations has run) or the legal consequences to the consumer if she makes even a small payment (can be held legally responsible for the whole amount). As a matter of law, the letter violates the FDCPA, section 1692e(2)(a).

**D. Plaintiff Should be Granted Summary Judgment on Her Section 1692g Claim, as Defendant Continued to Attempt to Collect the Alleged Debt Without First Mailing Verification to Plaintiff in Response to a Timely, Written Dispute by Plaintiff**

As this court recently recognized in *Hammer v. Residential Credit Solutions, Inc.*, 2014 U.S. Dist. LEXIS 128104, *29-31 (N.D. Ill. Sept. 11, 2014), Section 1692g(b) states, in relevant part, that when a consumer timely notifies a debt collector in writing that a debt is disputed, "the debt collector shall cease collection of the debt . . . until the

debt collector obtains verification of the debt or a copy of a judgment . . . and a copy of such verification or judgment ... is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b). "Because the FDCPA bars any debt collection activity until verification, a cause of action under Section 1692g(b) accrues when the debt is pursued prior to verification." *Jones v. U.S. Bank Nat. Ass'n*, No. 10 C 0008, 2011 U.S. Dist. LEXIS 19782, 2011 WL 814901, at *4 (N.D. Ill. Feb. 25, 2011). "

Plaintiff asserts, and Defendant does not dispute, that she disputed her debt through a letter dated August 30, 2011. (SMF ¶ 31). Defendant received the written dispute on September 2, 2011. (SMF ¶ 32). Defendant received Plaintiff's letter dated August 30, 2011 within 30 days of the date that Plaintiff received Defendant's letter dated August 9, 2011, rendering the dispute timely, and thus triggering Defendant's duty to either mail verification, or stop collection of the debt. (SMF ¶ 33). Defendant at no time mailed verification of the alleged debt to the Plaintiff. (SMF ¶ 35).

Nonetheless, Defendant continued to attempt to collect the alleged debt via sending a collection letter to Plaintiff on September 7, 2011. (SMF ¶ 32). Defendant was aware that it had received a written dispute on September 2, 2011, but sent the collection letter on September 7, 2011 anyway. (SMF ¶ 37). Defendant knew that it did not mail verification to Plaintiff before it continued to collect the alleged debt via the mailing of the September 7, 2011 letter. (SMF ¶ 37). Against this backdrop, it is clear that Defendant violated 15 U.S.C. §1692g when it continued to attempt to collect the alleged debt without first sending Plaintiff verification of the alleged debt after having received a written dispute from Plaintiff on September 2, 2011, by sending the letter dated September 7, 2011. (DE # 27, ¶ 70). Though Defendant asserts that Plaintiff requested the

letter (Dkt. #96, p.19), this is a patently false statement unsupported by any evidence in the record.  Summary Judgment is thus sought on 15 U.S.C. §1692g, and should be granted to Plaintiff given the undisputed facts herein.

With respect to *bona fide error*, Defendant has not met its burden on the defense. As a threshold matter, Defendant cannot show that a mistake was made, given the admission that the employee and/or agent of Portfolio who mailed Plaintiff a letter on September 7, 2011 would have been aware, before requesting that said letter be sent out, that Plaintiff disputed the debt in writing, and that Portfolio had not yet mailed Plaintiff verification of the alleged debt. (SMF, ¶ 37). Thus Defendant cannot show that it made a "mistake"---which is an element of the defense. *Kort v. Diversified Collection Servs., Inc.*, 394 F.3d 530, 537 (7th Cir. 2005). Given this fact, Defendant's defense must fail.

WHEREFORE, based on the foregoing, Plaintiff, Donna Slick through her counsel The Law Office of M. Kris Kasalo, Ltd., requests that Summary Judgment be entered on her section 1692e(2)(a) and 1692g claims.

By:  s/ Mario Kris Kasalo
Mario Kris Kasalo

**The Law Office of M. Kris Kasalo, Ltd.**
20 North Clark Street, Suite 3100
Chicago, Illinois 60602
Tele 312- 726-6160
Fax  312-698-5054
mario.kasalo@kasalolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2015, I electronically filed the foregoing **PLAINTIFF'S SUPPLEMENT TO MOTION FOR PARTIAL SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF system which will send

notification of such filing to the following registered CM/ECF users:

David Schultz
Hinshaw & Culbertson LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601